**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Dianne B. Sprott as Personal Representative of the Estate of Gladys Brown, Appellant,

v.

Brookdale Senior Living, Inc.; FEBC-ALT Investors, LLC; FEBC-ALT Holdings, Inc.; and Brookdale Senior Living Communities, Inc. d/b/a Sterling House of Sumter, Respondents.

Appellate Case No. 2011-199987

———————

Appeal From Sumter County
W. Jeffrey Young, Circuit Court Judge

———————

Unpublished Opinion No. 2012-UP-679
Submitted November 1, 2012 – Filed December 28, 2012

———————

**AFFIRMED**

———————

John S. Nichols, of Bluestein, Nichols, Thompson & Delgado, LLC, of Columbia; and Lara Pettiss Harrill, of McGowan, Hood & Felder, LLC, of Rock Hill, for Appellant.

Luanne Lambert Runge, of Gallivan, White & Boyd, P.A., of Greenville, for Respondents.

---

**PER CURIAM:** The defendants in this personal injury action against a dependent care assisted living facility made a motion in the circuit court "to dismiss and to compel arbitration, or alternatively, to stay the action pending arbitration." The defendants asked the court to enforce an arbitration clause in the contract between the parties, and sought alternative remedies—dismissal or a stay. The circuit court heard arguments on whether to enforce the arbitration clause, and granted the motion by dismissing the action. On appeal, Appellant does not address the merits of whether the circuit court should have enforced the arbitration clause, conceding that question must first be addressed by the arbitrator. Rather, Appellant contends the circuit court should not have granted the remedy of dismissal, but should instead have granted the alternative remedy of staying the action. While the circuit court clearly ruled on whether to enforce the arbitration clause, the court never ruled on the question of whether to employ the remedy of a stay instead of dismissal. To preserve the issue of which remedy was appropriate, the only issue Appellant now seeks to address on appeal, it was incumbent on Appellant to specifically ask the circuit court in a Rule 59(e) motion to consider employing the remedy of a stay instead of dismissal. We affirm. *See Wilder Corp. v. Wilke*, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) ("[A]n issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial judge to be preserved for appellate review.").

**AFFIRMED.**[1]

**FEW, C.J., and WILLIAMS and PIEPER, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.